UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AYN HARRIS, | Civil Action No. |
| Plaintiff, | 10-cv-1899 (NLH)(KMW) |
| v. | OPINION |
| CITY OF WILMINGTON, et al., |  |
| Defendants. |  |

**APPEARANCES**:

Ayn Harris
379 Swedesboro Road
Gibbstown, N.J. 08027
*Pro Se*

Martin C. Meltzer, Esquire
City of Wilmington Law Department
City/County Building
800 French Street
Wilmington, DE 19801
*Attorney for Defendants City of Wilmington, Wilmington Department of Revenue, Records Department of the Wilmington Police Department, John Rago, and Debra Wooden*

**HILLMAN, District Judge**

Plaintiff, Ayn Harris, alleges that her constitutional rights to due process, equal protection, and property have been violated by Defendants, the City of Wilmington, the Wilmington Department of Revenue, the Records Department of the Wilmington Police Department, John Rago, Debra Wooden, and Swift Towing Company and Recovery, Inc. ("Swift Towing").  Harris now moves for injunctive relief.  The City of Wilmington, the Wilmington Department of Revenue, the Records Department of the Wilmington

Police Department, Rago, and Wooden (collectively, "Defendants")[1] move to dismiss Harris's claims or, alternatively, to transfer the case to the District of Delaware.

For the reasons expressed below, Defendants' Motion to Dismiss is granted and the case transferred to the District of Delaware.  Harris's Motion for Injunctive Relief will be denied.

## I.   JURISDICTION

Plaintiff has brought federal claims pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

## II.  BACKGROUND

On April 5, 2010, Harris discovered that her vehicle, parked on a street in Wilmington, Delaware, had been immobilized through the use of a device called a "boot."  At that time, Harris was waiting for the car's title to be mailed to her from the dealership.  As a result, the car was unregistered.

Harris found a notice on the windshield of the car with a phone number for the City of Wilmington and instructions on how to have the car returned to her.  Harris called the number and spoke with a woman.  The woman informed Harris that her car was

---

[1]Swift Towing has not appeared in this case and is not a party to Defendants' pending motion.

mistakenly booted, but that Harris could not take possession of her vehicle because it was unregistered. The woman further explained that Harris's car would be towed but that she could retrieve it once she had proof of ownership. Before she attempted to reclaim her car, the woman added, Harris would have to check with the Wilmington Department of Revenue and the Records Department of the Wilmington Police Department to ensure that she did not owe any money to the City or that any warrants were outstanding. Ultimately, an employee with Swift Towing arrived to remove the boot from Harris's vehicle and towed it away.

On or about April 9, 2010, Harris visited the Wilmington Department of Revenue and the Records Department of the Wilmington Police Department. She met with Debra Wooden, a cashier supervisor with the Department of Revenue, who refused to release her car. Later, Harris spoke with John Rago, a director of communications with the City. Harris showed Rago her bill of sale as proof of ownership of the vehicle. Rago told her that he would arrange for the release of her car. After approximately forty-five minutes, Rago returned and refused to release the car without giving a reason. According to Defendants, Harris's vehicle remains unregistered, and for that reason, Rago and Wooden could not release her car pursuant to a Wilmington ordinance that precludes the release of an unregistered vehicle.

About a week or so later, Harris filed suit in this Court, alleging that Defendants' refusal to release her vehicle violated her due process, equal protection, and property rights.[2] According to Harris, her car has been withheld from her without any explanation or any opportunity to demonstrate why it should be released. Harris seeks to have her car returned to her. In June 2010, Defendants moved to dismiss Harris's claims or, alternatively, to transfer the case to the District of Delaware. Soon thereafter, Harris moved for injunctive relief.

### III. DISCUSSION

#### A.  Standards for Motion to Dismiss

Defendants assert several grounds on which they seek the dismissal or transfer of Harris's case. Among their assertions is Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) permits a defendant to move to dismiss a claim for improper venue. Fed. R. Civ. P. 12(b)(3). The movant bears the burden to show that venue is improper in the selected forum. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982). The Court must generally accept the plaintiff's allegations as true and view the facts in the light most favorable to the plaintiff. Heft v. AAI Corp., 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005).

In addition, Federal Rule of Civil Procedure 12(b)(2) allows

---

[2] Harris's complaint is supplemented by a brief, a motion for injunctive relief, and an affidavit in support of injunctive relief.

a defendant to file a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The burden to establish personal jurisdiction rests with the plaintiff, but "[i]f the district court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citation and internal quotation marks omitted). To assess the plaintiff's assertion of personal jurisdiction, "a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Id. (citation and internal quotation marks omitted).

    **B.**    **Venue**

Defendants argue that venue in the District of New Jersey is improper because none of the defendants reside in or are located in New Jersey and none of the events attributable to this action occurred in New Jersey. In the alternative, Defendants contend that even if venue were proper in this District, the case, nonetheless, should be transferred to the District of Delaware. Harris argues that venue in the District of New Jersey is proper. She opines that Swift Towing may be subject to personal jurisdiction in this district, warranting the continuation of this case here. Harris also adds that the burden to litigate this case in New Jersey is not significant or prejudicial to

Defendants and that this case should not be transferred to Delaware where they hope to curry favorable treatment.

The matter of venue is governed by 28 U.S.C. § 1391. In this case, Harris premises the Court's subject matter jurisdiction on both diversity of citizenship and federal question. Pursuant to Section 1391(b),

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject to the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). None of the circumstances enumerated above deem this Court as the proper venue for Harris's case. Based on the complaint and the parties' briefs, no defendant, let alone all of them, resides in the State of New Jersey. The only district in which any of the relevant events occurred, or in which Harris's vehicle -- the subject of the suit -- is located, is the District of Delaware. Lastly, it does not appear that any defendant can be found in the District of New Jersey, and even if one of them could be, there still remains another district in

which this action may be brought -- the District of Delaware.³

Having determined that this Court constitutes an improper venue for this case, the Court looks to 28 U.S.C. § 1406. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.  A district court is entrusted with broad discretion to decide whether a transfer, as opposed to dismissal, is the appropriate course of action. Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

Here, the interest of justice warrants the transfer of this case to the District of Delaware.  Harris, a *pro se* litigant, brought this suit promptly against Defendants soon after the alleged violation of her rights occurred.  All of the defendants reside or work in the State of Delaware.  Suffice it to say, the City of Wilmington and its arms of government are municipal entities created to function exclusively within the geographical

---

³ Pursuant to 28 U.S.C. § 1391(a), venue is proper for a civil action based only on diversity of citizenship in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).  Assuming *arguendo* the application of Section 1391(a) and this Court's personal jurisdiction over Swift Towing, venue in this district would still be improper because the District of Delaware provides another district in which the action could be brought.

boundaries of Delaware. Nowhere in Harris' averments is their any suggestion that any of the defendants harmed her by virtue of any actions that may have occurred outside the Delaware borders.

To simply dismiss this case would require a diligent, *pro se* plaintiff to re-file her action and to commence her suit from the beginning, needlessly wasting time and judicial resources and generating duplicative efforts by the litigants and the Court. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962) (stating that the enactment of Section 1406(a) illustrates that "'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities" (other internal quotation marks omitted)). The better course of action is to transfer this case and allow it to proceed on its merits. Therefore, the Court concludes that this case should be transferred to the District of Delaware.

Alternatively, even if venue were proper within the District of New Jersey, the Court would still transfer this case to the District of Delaware in accordance with 28 U.S.C. § 1404. Under Section 1404(a), a court, in exercising its discretion, may transfer an action to any other proper venue for the convenience

of the parties or in the interest of justice.[4]  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (finding that Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness" (citation omitted)).  "The burden of showing a need for transfer is on the movant . . . ."  In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

Generally, when considering a motion to transfer under Section 1404(a), district courts not only weigh the enumerated factors in the statute (convenience of parties, convenience of witnesses, or interest of justice), but also a number of "private and public interests" to determine which forum may more conveniently facilitate the litigation and better serve the interest of justice.  Jumara, 55 F.3d at 879.

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the

---

[4] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

> convenience of the witnesses –- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

Here, Harris has chosen the judicial district in her home state as the locus for her suit.  While substantial weight is accorded that forum preference, it is not dispositive.  Further, all other factors weigh in favor of transferring this case.  For example, Defendants prefer to litigate the case in the State of Delaware.  Harris's cause of action arose from activities that occurred entirely and exclusively in Delaware.  Her vehicle, the linchpin of this case, was immobilized, towed, and impounded in Delaware.  To the Court's knowledge, it remains there to this day.

Moreover, the State of Delaware's interest in this case far outweighs whatever interest the State of New Jersey may have.

10

Certainly, the State of New Jersey aspires to provide a forum in which its citizens may seek redress for their grievances.  But, the District of Delaware provides an equally competent and convenient forum for Harris's action.  Moreover, given that the cause of action arises entirely within the State of Delaware and that Delaware municipal entities and laws are at issue, along with the State's public policies concerning automobiles and vehicle administration, the interests of the State of Delaware are most prominent in this matter and greatly exceed the State of New Jersey's narrow interest.  Thus, the District Court in Delaware, and its judges who are more familiar with Delaware state law, should have the opportunity to handle this case.

Perhaps more significantly, there is substantial doubt that this Court, in the District of New Jersey, could exercise personal jurisdiction over the majority of the defendants and thus render an enforceable judgment.  "A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state."  Metcalfe, 566 F.3d at 330.  The New Jersey long-arm rule empowers the State's courts to exercise personal jurisdiction "to the uttermost limits permitted by the United States Constitution."  Nicastro v. McIntyre Machinery Am., Ltd., 987 A.2d 575, 589 (N.J. 2010) (citation and internal quotation marks omitted), cert. granted, 131 S. Ct. 62 (2010).  Accordingly, due

11

process, as guaranteed by the United States Constitution, enables a court to exercise general jurisdiction over a defendant where that defendant has "'continuous and systematic' contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action."[5]  Metcalfe, 566 F.3d at 334 (citation omitted).

Defendants argue that the Court lacks personal jurisdiction over them and, consequently, this case must be dismissed. According to Defendants, they have not had any considerable contacts or affiliations with the State of New Jersey, nor have they purposefully availed themselves of the State and its benefits or protections, to enable a court in New Jersey to exercise any authority over them.

Harris's only response to Defendants' argument is that Swift Towing has conducted business in the State of New Jersey and subjected itself to litigation in another case in the District of New Jersey.  This assertion notwithstanding, there is nothing in the record to suggest that any of the movants -- the City of Wilmington, the Wilmington Department of Revenue, the Records

---

[5] "Specific jurisdiction exists if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Metcalfe, 566 F.3d at 334 (citation and internal quotation marks omitted).  Here, there is no suggestion that Defendants purposefully directed their activities toward New Jersey or its residents.  The actions at issue in this case occurred entirely and exclusively within the State of Delaware.

Department of the Wilmington Police Department, Rago, or Wooden -- have had any contact with the State of New Jersey, let alone continuous and systematic contacts, to compel their appearances before this Court. In other words, without a greater showing by Harris to carry her burden, the Court, in all likelihood, would be unable to exercise personal jurisdiction over most of the defendants in this case.[6] Though that putative lack of authority does not preclude the Court from having the power to transfer this matter, Lomanno v. Black, 285 F. Supp. 2d 637, 640 (E.D. Pa. 2003) (transfer under Section 1404(a) or 1406(a) is permitted despite lack of personal jurisdiction over defendants), it does further inform the decision that transfer is both necessary and in the interest of justice. See Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Servs., Inc., 918 F. Supp. 823, 835 (D.N.J. 1996) (transferring case pursuant to Section 1406(a) in the interest of justice rather than dismissing the action for lack of personal jurisdiction). After all, neither party contests that the District of Delaware may exercise personal jurisdiction over

---

[6] Because this case is to be transferred to the District of Delaware where personal jurisdiction over Defendants is uncontested, the Court need not resolve the matter of personal jurisdiction. Rather, the ostensible lack of personal jurisdiction is simply highlighted as another reason why transfer of this case is appropriate. That being said, the Court emphasizes that it is not actually deciding whether or not personal jurisdiction exists in this case. Whether it does or does not, the case shall be transferred for the reasons explained above.

Defendants.

Accordingly, Defendants' Motion to Dismiss is granted and this case will be transferred to the District of Delaware.[7] Because the Court will not retain jurisdiction over this matter, Harris's Motion for Injunctive Relief is denied, without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is granted.  This case will be transferred to the District of Delaware.  Further, Harris's Motion for Injunctive Relief is denied, without prejudice.  An Order consistent with this Opinion will be entered.


Dated: January 7, 2011           /s/ NOEL L. HILLMAN
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[7] Defendants also argue that the amount in controversy in this case falls far short of $75,000, and thus, diversity of citizenship cannot provide a basis for subject matter jurisdiction in this matter.  Regardless of the merit of Defendants' argument, federal question jurisdiction still exists.  Because the Court is transferring this case, it need not further address Defendants' argument concerning diversity jurisdiction, nor will the Court consider whether Harris fails to state a claim for which relief may be granted.